UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT WOODS,

    Petitioner,

    v.

SWARTHOUT, Warden,

    Respondent.
_____/

No. C-13-0309 EMC (pr)

**ORDER TO SHOW CAUSE**

## I.   INTRODUCTION

Petitioner, an inmate at the California State Prison - Solano, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court also consider's Petitioner's request for appointment of counsel.

## II.   BACKGROUND

The petition and attachments thereto provide the following information: Petitioner was convicted in Contra Costa County Superior Court of second degree murder and was found to have used a knife in the commission of the offense. On March 19, 2010, he was sentenced to 16 years to life in prison. Petitioner appealed. The California Court of Appeal affirmed the conviction in 2011. The California Supreme Court denied the petition for review in 2011. Petitioner also filed unsuccessful state habeas petitions before filing this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts the following claims: (1) Petitioner's Sixth and Fourteenth Amendment rights to an impartial jury were violated when the trial judge precluded defense counsel from conducting voir dire about the ability of prospective jurors to follow the law regarding heat of passion killings, Docket # 1, pp. 6, 22; (2) Petitioner's right to due process was violated when the trial court allowed the prosecutor to impeach a defense witness with the witness' 1989 conviction, *id.* at 35; (3) Petitioner received ineffective assistance of counsel in that counsel failed to conduct reasonable investigation, present mitigation evidence, and interview and present witnesses, *see id.* at 51-53; (4) Petitioner's right to due process was violated because there was insufficient evidence of malice to support the murder conviction, *id.* at 56; (5) Petitioner was denied his Sixth Amendment right to an impartial jury when the colloquy between the court, attorneys, and prospective juror # 57 tainted the jury pool, *id.* at 57; (6) the prosecutor engaged in misconduct by misstating the law of heat of passion, *id.* at 60; (7) Petitioner was deprived of his right to due process when the court did not correct the prosecutor's misstatement of the law of heat of passion, *id.* at 62; and (8) counsel provided ineffective assistance in failing to object to the prosecutor's misstatement of the law of heat of passion, *id.* at 64. Liberally construed, these claims are cognizable in a federal habeas proceeding.

Petitioner has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas Petitioner whenever "the court determines that the

interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel at this time. The request for appointment of counsel is **DENIED**. (Docket # 3.)

## IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **April 29, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **May 31, 2013**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

///

///

///

///

3

7. Petitioner's *in forma pauperis* application is **GRANTED**.  (Docket # 2.)

8. Petitioner's request for appointment of counsel is **DENIED**.  (Docket # 3.)

IT IS SO ORDERED.

Dated: February 27, 2013

_____
EDWARD M. CHEN
United States District Judge