UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WOODS, | No. C-13-0309 EMC (pr) |
| Petitioner, | |
| v. | **ORDER GRANTING PETITIONER'S APPLICATION FOR ENLARGEMENT OF TIME TO FILE NOTICE OF APPEAL** |
| SWARTHOUT, Warden, | |
| Respondent. | **(Docket No. 28)** |

On March 5, 2014, the Court denied the instant petition for a writ of habeas corpus on the merits, denied a certificate of appealability and entered judgment in favor of Respondent. On March 30, 2014, Petitioner signed and dated his request for an enlargement of time to file a notice of appeal. He requests thirty additional days, or to May 5, 2014, to file his notice of appeal "to thoroughly complete and file both a notice of Appeal and also to file an Appellant's informal brief. This the Petitioner feels is appropriate and does no harm to the interest of the named parties."

Federal Rule of Appellate Procedure 4(a)(5) allows a motion for an extension of time if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5). The extension must be no later than thirty days after the original deadline, or ten days after the entry of the order granting the motion, whichever is later. *See id.*

Petitioner must show "excusable neglect or good cause" sufficient to support an extension of time. Fed. R. App. P. 4(a)(5)(A)(ii). There is little or no authority on the meaning of the words "good cause" in Rule 4(a)(5)(A)(ii), but much authority on the meaning of "excusable neglect."

United States District Court
For the Northern District of California

See C. Wright, A. Miller, E. Cooper, 16A Federal Practice and Procedure § 3950.3 (1999); *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 231-32 (7th Cir. 1990) (Posner, J). Professors Wright, Miller and Cooper speculate that perhaps this is because "there is no real difference between it and 'excusable neglect,' particularly with the broad reading the Supreme Court has given the latter concept in the *Pioneer Investment* case." *Id.* In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), the Supreme Court held that "excusable neglect" in the context of a bankruptcy case included not only faultless omissions, that is, errors caused by circumstances beyond the parties' control, but also, in appropriate circumstances, those caused by inadvertence, mistake, or carelessness. *See id.* at 388.

Although Petitioner barely makes an effort to establish good cause or excusable neglect, the Court finds that this case fits into the broad category where the filing is late through inadvertence, mistake or carelessness. Therefore, the application for an extension of time, (Docket No. 28) is **GRANTED**. Petitioner's notice of appeal is now due May 5, 2014, which is thirty days after the prescribed time, or fourteen days after entry of this Order, whichever is later. *See* Fed. R. App. P. 4(a)(5)(C).

IT IS SO ORDERED.

Dated: April 29, 2014

_____
EDWARD M. CHEN
United States District Judge